IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

     Plaintiff,                    No. CIV S-07-1192 GEB DAD P

    vs.

JAMES TILTON, et al.,

     Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983[1] and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

/////

---

[1] Not long after filing his original complaint, plaintiff filed both an amended complaint and a second amended complaint. The court has assumed that plaintiff wishes to proceed with his second amended complaint, filed August 14, 2007, and deems that to be the operative pleading in this action.

1

1  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See
2  28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is
3  currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28
4  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of
5  the preceding month's income credited to plaintiff's prison trust account.  These payments shall
6  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
7  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
8  § 1915(b)(2).

9  The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
11 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
14 U.S.C. § 1915A(b)(1) & (2).

15 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21 Cir. 1989); Franklin, 745 F.2d at 1227.

22 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
26 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

1 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
2 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
3 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
4 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
5 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
6 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
7 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his second amended complaint, plaintiff has named as defendants Governor Arnold Schwarzenegger; Secretary James Tilton; Warden Suzan Hubbard; Sergeant D. Swan; Sergeant G. Demars; Senior Psychologist R. McGahey; Psychologist A. Gross; Captain Fisher; Lieutenant Hall; and Lieutenant Denton.

In his handwritten, difficult to decipher complaint, plaintiff alleges that he suffers from post-traumatic stress disorder and paranoid schizophrenia. Plaintiff further alleges that he has filed administrative appeals seeking single cell status, one-on-one psycho-therapy and a transfer to Atascadero State Hospital. By way of background, plaintiff asserts that on April 17, 2007, prison officials assigned him a new cellmate who previously raped other cellmates and attempted to rape a nurse. Plaintiff alleges that he explained the situation to medical personnel, but they have said they can do nothing about it. Plaintiff contends that he is not receiving proper mental health treatment. He claims that the defendants have harassed him and refused to properly process his administrative appeals.

Plaintiff seeks damages, an order prohibiting his double-celling and a transfer to Atascadero State Hospital. He also seeks to keep in his possession legal documents, legal books, a battery-operated radio and nine-inch television. He also requests access to a typewriter for eight hours a day and an order removing and demoting Warden Hubbard and Sergeants Swan and Demars. Finally, plaintiff requests an order prohibiting the governor from double-celling inmates.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. In this regard, while plaintiff's amended complaint contains general allegations of harassment by correctional officers, unjust disciplinary charges being brought against him and problems with mental health care, the amended complaint still fails to allege with any degree of particularity the overt acts which the named defendants allegedly engaged in that support plaintiff's constitutional claims. Thus, the complaint does not contain a short and plain statement as required by Fed. R.

Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must allege facts demonstrating how each defendants' actions resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff should also clarify which of his constitutional rights he believes each named defendant has violated. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The "deliberate indifference" standard also applies to claims challenging the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir.

1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). To establish unconstitutional treatment of a mental health condition, "a prisoner must show deliberate indifference to a 'serious' medical need." Doty, 37 F.3d at 546 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)). A medical need is "serious if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes previous complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the previous pleadings no longer serve any function in the case. Therefore, in his third amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

Plaintiff has also filed two nearly-identical motions labeled as motions for temporary restraining order and/or preliminary injunction. The court has construed the requests as motions for a preliminary injunction. The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

1   Plaintiff requests a court order prohibiting prison officials from forcing him into
2   "double-cell living." Plaintiff has alleged in his amended complaint that his cellmate suffers
3   from severe mental problems, has previously raped other cellmates of his and has attempted to
4   rape a nurse while imprisoned. Plaintiff also requests a court order prohibiting prison officials
5   from transferring him in retaliation for filing this motion.

6   Plaintiff filed his first motion seeking preliminary injunctive relief on July 9, 2007
7   and filed his second such motion on August 14, 2007. At the time of those filings, plaintiff was
8   confined at California Medical Facility ("CMF"). Court records indicate that plaintiff is no
9   longer incarcerated at CMF. In this regard, on October 1, 2007, plaintiff filed a notice of change
10  of address, informing the court that he is now incarcerated at California State Prison, Lancaster.
11  Thus, plaintiff is no longer assigned to the same cell, or with the same cellmate, about which he
12  complained in his motions. Plaintiff is advised that when an inmate seeks injunctive or
13  declaratory relief concerning the prison where he is incarcerated, his claims for such relief
14  become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford,
15  423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

16  In addition, it is well-established that inmates do not have a constitutional right to
17  be incarcerated at a particular correctional facility or in a particular cell or unit within a facility.
18  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). As the Ninth Circuit has explained:

> An inmate's liberty interests are sufficiently extinguished by his
> conviction so that the state may change his place of confinement
> even though the degree of confinement may be different and prison
> life may be more disagreeable in one institution than in another.
> Unless there is some guarantee that transfer will not be effected
> except for misbehavior or some other specified reason, due process
> protections cannot apply.

23  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). Thus, plaintiff's alleged deprivations of
24  rights caused by prison officials' decisions regarding his place of confinement or housing
25  assignments do not give rise to a federal constitutional claim under the Fifth and Fourteenth
26  Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

In sum, plaintiff has not demonstrated either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. Accordingly, the court will deny plaintiff's motions for preliminary injunctive relief without prejudice.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 19, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's July 9, 2007 motion for a temporary restraining order and/or preliminary injunction is denied without prejudice.

6. Plaintiff's August 14, 2007 motion for a temporary restraining order and/or preliminary injunction is denied without prejudice.

DATED: March 3, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wils1192.14a