IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                  No. CIV S-07-1192 GEB DAD P

    vs.

JAMES TILTON, et al.,

    Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint as well as plaintiff's motions for a preliminary injunction and the imposition of sanctions against defendants.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3  omits to perform an act which he is legally required to do that causes the deprivation of which
4  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5  Moreover, supervisory personnel are generally not liable under § 1983 for the
6  actions of their employees under a theory of respondeat superior and, therefore, when a named
7  defendant holds a supervisorial position, the causal link between him and the claimed
8  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
9  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
10 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
11 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
12 Cir. 1982).

13 In his third amended complaint, plaintiff has identified as defendants the
14 following: Governor Schwarzenegger, Tilton, Hubbard, Pearson, Grannis, Fisher, Swan, DeMars,
15 Hall, Benton, McGahey, Soufi, Gross, Haws, and Bowen. Plaintiff alleges that the named
16 defendants have improperly forced him to double-cell. It appears from his third amended
17 complaint that plaintiff believes he is entitled to a single cell based on his mental health
18 condition. Plaintiff also alleges that he complained to medical personnel about "forced double-
19 celling," but they have told him that they can do nothing about it. (Third Am. Compl. at 3-8.)

20 Plaintiff seeks injunctive relief prohibiting the defendants from double-celling
21 him with any inmate unless both he and the other inmate have signed a compatibility form.
22 Plaintiff also seeks one-on-one psychotherapy two to three times a week or outside mental health
23 treatment. Finally, plaintiff seeks to keep in his possession his typewriter, legal cases, books,
24 radio/CD/cassette player, and nine-inch television. (Id. at 8.)

25 Plaintiff's third amendment complaint is difficult to decipher, and the court is
26 unable to determine whether the current action is frivolous or fails to state a claim for relief. The

1  allegations of the third amended complaint are vague and conclusory and fail to allege with any
2  degree of particularity the overt acts which the named defendants allegedly engaged in that
3  support plaintiff's constitutional claims.  Thus, the complaint before the court does not contain a
4  short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules
5  adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must
6  allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community
7  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with
8  the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
9  however, grant plaintiff leave to file a fourth and final amended complaint to attempt to address
10 these deficiencies.
11         If plaintiff chooses to file a fourth amended complaint, he is advised that all
12 defendants must be identified in the caption of his pleading and that all defendants must be
13 named, with position and place of employment, in the section of the form designated for that
14 purpose.  Plaintiff is also advised that he must allege facts demonstrating how each defendant's
15 actions resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v.
16 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff should also clarify which of his constitutional
17 rights he believes each named defendant has violated.  There can be no liability under 42 U.S.C.
18 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
19 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
20 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
21 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
22 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
23         In addition, plaintiff is advised that to the extent that he claims he is entitled to a
24 single-cell assignment or that his assignment to a double-cell violates his rights under the Due
25 Process Clause of the Fourteenth Amendment, he fails to state a cognizable constitutional claim
26 for relief.  Inmates do not have a constitutional right to be incarcerated at a particular correctional

facility or in a particular cell or unit within a facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

If, however, plaintiff believes he requires a single cell because of a medical condition, including a condition related to mental health, he may be able to state a cognizable Eighth Amendment claim.  Plaintiff is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the U.S. Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The "deliberate indifference" standard also applies to claims challenging the adequacy of mental health care in prisons.  Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  To establish unconstitutional treatment of a mental health condition, "a prisoner must show deliberate indifference to a 'serious' medical need."  Doty, 37 F.3d at 546 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)).  A medical need is "serious if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059).  If plaintiff believes defendants have denied him adequate mental health care, he should explain which defendants were involved with his care and why the care provided by them was inadequate.

Finally, to the extent that plaintiff seeks to bring a retaliation claim against any defendants he elects to name in a forth amended complaint, he is advised that both litigation in this court and filing an administrative grievance are protected activities, and it is impermissible

/////

for prison officials to retaliate against prisoners for engaging in these activities. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes previous complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the previous pleadings no longer serve any function in the case. Therefore, in his fourth amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

Also pending before the court is plaintiff's third motion for a preliminary injunction.[1] Therein, plaintiff appears to claim that "the California Department of Corrections and Rehabilitation, CSP-Lancaster, Haws, Bowen, Brooking et al.," have placed him in segregation and denied him access to court materials and regular sessions in the prison law library. Plaintiff complains that he only has access to the law library three times a week for one and one-half hours. Plaintiff also appears to complain about the way prison officials treat low-functioning members of the enhanced outpatient program when it comes to prison job assignments, meals, and hygiene products. By way of relief, plaintiff seeks an order requiring

/////

---

[1] Plaintiff has labeled his motion "motion for temporary restraining order and or preliminary injunction." Plaintiff's motion is insufficient under E.D. Cal. Local Rule 65-231(c), so the court has construed the motion as a motion for a preliminary injunction.

...

prison officials to allow him access to the law library two times a week for four hours. Plaintiff also requests free hygiene products and a transfer to California Medical Facility.

Similar to his previous motions, plaintiff's third motion for a preliminary injunction is defective, premature, and lacks merit and will therefore be denied. First, plaintiff's motion is defective because it does not comply with this Court's Local Rules. Plaintiff is advised that the court will not entertain any future request or motion for preliminary injunctive relief that is not supported by (1) a declaration signed under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 65-231.

Second, plaintiff's motion is premature because no defendants have been served at this time and thus have not been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). This court is unable to issue an order against individuals who are not parties to a suit pending before it.[2] See Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 112 (1969).

Finally, as the court previously advised plaintiff, the legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune,

---

[2] Plaintiff has also filed a motion for sanctions in which he repeats his allegation that defendants have refused to release his legal materials. Even if plaintiff's motion was properly supported and defendants' alleged conduct warranted the issuance of sanctions, no defendants have been served in the action at this time. Thus, plaintiff's motion for sanctions is premature. Accordingly, it too will be denied.

Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

Here, the Constitution does not guarantee plaintiff unlimited access to the law library.  Lindquist v. Idaho State Bd. of Corrs., 776 F.2d 851, 858 (9th Cir. 1985).  As noted above, it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility.  See Meachum, 427 U.S. at 224-25.  In this regard, the allegations in plaintiff's motion do not give rise to a federal constitutional claim.  Nor do they show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  Accordingly, plaintiff's motion for preliminary injunctive relief will be denied.

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed.

2. Plaintiff is granted a final opportunity to amend his complaint and to, within thirty days from the date of service of this order, file a fourth amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint"; failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

3. Plaintiff's May 30, 2008 motion for a preliminary injunction (Doc. No. 16) is denied without prejudice.

4. Plaintiff's June 2, 2008 motion for sanctions (Doc. No. 17) is denied.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: February 3, 2009.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wils1192.14am