IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                            No. CIV S-07-1192 GEB DAD P

    vs.

JAMES TILTON, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Plaintiff has opposed the motion. For the following reasons, the court recommends that defendants' motion be denied.

## LEGAL STANDARDS

        The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis. Known as the "three strikes" rule, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may
be granted, unless the prisoner is under imminent
danger of serious physical injury.

A defendant seeking to challenge a prisoner's in forma pauperis status based upon § 1915(g) carries the initial burden of producing documentary evidence showing that the prisoner has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).  Once the court determines that the defendant has met his burden, the burden shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show how he or she satisfies the "imminent danger of serious physical injury" exception to § 1915(g). See id.  If the prisoner plaintiff is unable to do so, the court must dismiss the complaint without prejudice to the prisoner refiling the complaint with full payment of the filing fee.  See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

## DISCUSSION

Here, defendants have satisfied their initial burden of production.  In their motion to revoke plaintiff's in forma pauperis status, defendants cite four actions brought by plaintiff that qualify as "strikes" under § 1915(g).  First, on September 11, 2006, Wilson v. Tilton, No. Civ. S-06-1031 LKK PAN P was dismissed for failing to state a claim upon which relief may be granted.  Second, on October 31, 2006, Wilson v. Schwartz, No. Civ. S-05-1649 GEB CMK P was also dismissed for failing to state a claim upon which relief may be granted.  Third, on March 8, 2007, Wilson v. Dovey, No. Civ. S-06-1032 FCD EFB P was dismissed for failing to state a claim upon which relief may be granted.  Finally, on June 1, 2007, Wilson v. Veal, No. Civ. S-06-0067 FCD KJM P was dismissed for failing to state a claim upon which relief may be granted.[1]

---

[1] Defendants also cite, and the court takes notice of, Wilson v. Hubbard, No. Civ. S-07-1558 WBS GGH P.  Therein, U.S. District Judge William Shubb of this court fully adopted U.S. Magistrate Judge Gregory Hollows' recommendation that plaintiff's in forma pauper status be revoked in that civil action, which was initiated on July 31, 2007.

The burden therefore shifts to plaintiff to explain why his in forma pauperis status should not be revoked. In his opposition, plaintiff does not seriously dispute that he has at least "three strikes" within the meaning of § 1915(g). Rather, plaintiff argues that the court should not revoke his in forma pauperis status in this case because he falls within the "imminent danger" exception to § 1915(g).

To meet this exception, plaintiff must have alleged facts demonstrating that he faced "imminent danger of serious physical injury" at the time he filed his complaint. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). In his complaint, plaintiff alleges that he is an Enhanced Outpatient Program (EOP) inmate who has been diagnosed with post-traumatic stress, schizophrenia, and severe paranoia. He alleges that he has suffered from severe sleep deprivation, as a result of being forced to live with an inmate who yells throughout the day and night. He further alleges that his living situation has exacerbated his mental disorders, causing violent mental breakdowns where he uncontrollably swings his arms, screams at "demons," punches his mattress, chokes imaginary objects, blocks "blows," and beats his head against walls and tables. He also indicates that he suffers from auditory hallucinations where "demons" tell him to hurt his cellmate.

Plaintiff argues that mental breakdowns, physical altercations, confrontations, and even death are commonplace when EOP inmates with mental disabilities are forced to live with others. He therefore claims that California Department of Corrections and Rehabilitation's (CDCR) practice of housing EOP inmates in double-cells without obtaining their prior consent violates their Eighth Amendment right to be free from cruel and unusual punishment. As relief, plaintiff seeks, in part, an injunction preventing the CDCR from forcing him to share a cell, unless he and his cellmate sign a cell compatibility form.

Construing plaintiff's complaint liberally, the court finds that plaintiff has made a "plausible allegation" that he is under "imminent danger of serious physical injury." Cervantes, 493 F.3d at 1055. Plaintiff has alleged specific facts demonstrating that he suffers from several

mental disorders, which have a history of causing violent outbursts.  Therefore, it is "plausible" that plaintiff's mental condition could cause him to seriously injure himself if he is housed in a double-cell with an incompatible cellmate.  Id.; see also Jensen v. Knowles, No. 2:02-cv-02373 JKS P, 2008 WL 744726, at *1 (E.D. Cal. Mar. 18, 2008) ("As this is merely a threshold procedural question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong.").  Moreover, this danger is imminent.  Although plaintiff has been transferred to a new prison and moved away from the cellmate originally at issue, plaintiff alleges that CDCR's on-going practice of housing EOP inmates in double-cells without their consent continues to place him in imminent danger.  When a prisoner alleges, as plaintiff does here, that "prison officials continue with a practice that has injured him or others similarly situated in the past," the imminence requirement to the "three-strikes" exception is satisfied.  Id. at 1056-57 ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or other similarly situated in the past will satisfy the 'ongoing danger standard and meet the imminence prong of the three-strikes exception.")  Accordingly, defendants' motion to revoke plaintiff's in forma pauperis status should be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 26, 2010 motion to revoke plaintiff's in forma pauperis status and motion to dismiss (Doc. No. 27) be denied; and

2. Defendants be ordered to answer the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Any document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.  See
2  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 15, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
wils1192.57