IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WILSON,

    Plaintiff,                                  No. CIV S-07-1192 GEB DAD P

    vs.

JAMES TILTON, et al.,

    Defendants.                            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. On May 20, 2010, plaintiff filed a motion for a protective order.[1] Therein, plaintiff seeks an injunction requiring prison officials at R.J. Donovan Correctional Facility to house him in a single cell. Plaintiff explains that without medication and psychotherapy, housing him with a cellmate places him and others in imminent danger of serious physical harm. (See Mot. at 1-12.)

        A court is unable to issue an injunction against individuals who are not parties to the suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112

---

[1] The court construes plaintiff's request, styled as a motion for a protective order, to be one for a temporary restraining order. A motion for a temporary restraining order is governed by the same standards applicable to preliminary injunctions. See, e.g., Aiello v. OneWest Bank, 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010).

1

1  (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985)
2  ("A federal court may issue an injunction if it has personal jurisdiction over the parties and [has]
3  subject matter jurisdiction over the claim; [however,] it may not attempt to determine the rights
4  of persons not before the court."). Here, plaintiff seeks an injunction against prison officials at
5  R.J. Donovan Correctional Facility. However, those prison officials are not parties before this
6  court. Rather, plaintiff's complaint in this action states First Amendment retaliation and an
7  Eighth Amendment inadequate medical care claims against defendants employed at the
8  California Medical Facility in Vacaville, California. (See Doc. No. 23.) Accordingly, plaintiff's
9  motion will be denied.

    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's May 20,
2010 motion for a protective order (Doc. No. 40) is denied.

DATED: August 30, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
wils1192.48