IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

       Plaintiff,               No. 2:07-cv-1192 GEB DAD (PC)

     vs.

JAMES TILTON, et al.,

       Defendants.         ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Several matters are pending before the court.

      On October 18, 2010, this court issued a discovery and scheduling order, setting deadlines for completion of discovery and filing of dispositive motions.  On January 18, 2011, plaintiff filed a pretrial statement.  On January 24, 2011, relying on Rule 16 of the Federal Rules of Civil Procedure, plaintiff filed a request for impartial experts in which he requests leave to choose psychological experts for use at trial.  On the same day, plaintiff filed a motion for the attendance of incarcerated witnesses at trial and, on January 27, 2011, plaintiff filed a motion for unincarcerated witnesses at trial.  The court has not yet set a date for pretrial conference.  All of /////

1

1  the foregoing motions are premature and will therefore be denied without prejudice.  Plaintiff's

2  pretrial statement will be disregarded.

3                     On January 27, 2011, plaintiff filed a motion to compel further responses to the

4  first of two requests in a request for production of documents served on defendants on December

5  2, 2010.  Plaintiff seeks to compel further responses to the following request:

6                     Request No. 1

7                     Record Names of Correctional Officer's [sic] that worked at
                     California Medical Facility–Vacaville, B-1 Clinic on April 22,
8                     2007, for hours of between 2:00 p.m. to 10:00 p.m., 1400 hours to
                     2200, as called Third Watch.

9

10  Ex. B1 to Plaintiff's Motion to Compel, filed January 27, 2011.

11                     Defendants responded to this discovery request as follows:

12                     Defendants object to this request on the ground that it is vague,
                     ambiguous, overly broad, unintelligible, calls for evidence that may
13                     compromise the safety and security of the institution, seeks to
                     violate Defendants' privacy rights, seeks information irrelevant to
14                     the claims and defenses at issue in this action and is not likely to
                     lead to the discovery of admissible evidence.  Personnel records are
15                     protected from disclosure by state and federal rights to privacy, and
                     Defendants are not required to create documents in response to a
16                     request for production of documents. Without waiving these
                     objections, Defendants have no such documents in their
17                     possession, costody [sic] or control.

18  Ex. 2 to Defendants' Opposition to Plaintiff's Motion to Compel Discovery, filed February 3,

19  2011.

20                     Plaintiff contends that the information he seeks is relevant to his claim that

21  Sergeant Swan placed plaintiff in segregation on April 22, 2007 in retaliation for plaintiff filing a

22  complaint against Sergeant Swan.  For the reasons set forth in findings and recommendations

23  issued concurrently with this order, this underlying claim by plaintiff against Sergeant Swan must

24  be dismissed due to plaintiff's failure to exhaust administrative remedies prior to suit.  The

25  information plaintiff seeks is not, therefore, relevant to a claim that may be litigated in this

26  action.  For that reason, plaintiff's motion to compel will be denied.

Finally, on April 4, 2011, plaintiff filed a motion for preliminary injunction, and on April 18, 2011, plaintiff filed a new motion for expert witnesses.  Good cause appearing, defendants shall file and serve a response to these motions within fourteen days from the date of this order.  Plaintiff's reply briefs, if any, shall be filed and served not later than fourteen days thereafter.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's January 18, 2011 pretrial statement (Doc. No. 56) will be disregarded;

2.  Plaintiff's January 24, 2011 motion for impartial experts  (Doc. No. 58) is denied without prejudice;

3.  Plaintiff's January 24, 2011 motion for witnesses  (Doc. No. 59) is denied without prejudice;

4.  Plaintiff's January 27, 2011 motion to compel  (Doc. No. 60) is denied;

5.  Plaintiff's January 27, 2011 motion for unincarcerated witnesses  (Doc. No. 61) is denied without prejudice; and

6.  Within fourteen days from the date of this order defendants shall file and serve a response to plaintiff's April 4, 2011 motion for preliminary injunction and plaintiff's April 18, 2011 motion for impartial expert witnesses.  Plaintiff's reply brief(s), if any, shall be filed and served not later than fourteen days thereafter.

DATED: April 28, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
wils1192.cuo

3