1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID WILSON,

11              Plaintiff,                    No. 2:07-cv-1192 GEB DAD (PC)

12        vs.

13   JAMES TILTON, et al.,                    ORDER AND

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's fourth

18   amended complaint, filed March 9, 2009.  This matter is before the court on defendants' motion

19   to dismiss the claims against defendant Swan due to plaintiff's failure to exhaust available

20   administrative remedies prior to filing suit.  On November 5, 2009, the court advised plaintiff of

21   the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

22   See Wyatt v. Terhune, 305 F.3d 1033 (9th Cir. 2002).

23                                        ANALYSIS

24   I.  Legal Standards

25              The exhaustion of administrative remedies prior to bringing a prisoner civil rights

26   action is required by 42 U.S.C. § 1997e(a).  The statute provides:

                                              1

> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement imposed by this provision is mandatory.

Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner is required to exhaust administrative

remedies for claims contained within a complaint before the complaint is filed.  Rhodes v.

Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).  Compliance with this requirement is not

achieved by satisfying the exhaustion requirement during the course of an action.  See McKinney

v. Carey, 311 F.3d 1198 (9th Cir. 2002).  However, new claims based on conduct which occurs

after the filing of an original complaint may be raised in an amended pleading if the

administrative exhaustion requirement is satisfied prior to the time the amended pleading is filed.

See Rhodes, 621 F.3d at 1004-05.

> California's Department of Corrections provides a four-step
> grievance process for prisoners who seek review of an
> administrative decision or perceived mistreatment.  Within fifteen
> working days of "the event or decision being appealed," the inmate
> must ordinarily file an "informal" appeal, through which "the
> appellant and staff involved in the action or decision attempt to
> resolve the grievance informally."  Cal.Code Regs., tit. 15, §§
> 3084.5(a), 3084.6(c). [Footnote omitted.]  If the issue is not
> resolved during the informal appeal, the grievant next proceeds to
> the first formal appeal level, usually conducted by the prison's
> Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c).  Next are the
> second level, providing review by the institution's head or a
> regional parole administrator, and the third level, in which review
> is conducted by a designee of the Director of the Department of
> Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).  As a general rule, inmates must proceed

through the Director's Level of Review to satisfy the exhaustion requirement and regardless of

the relief sought.  See Booth, 532 U.S. at 741 (inmates must satisfy exhaustion requirement

"regardless of the relief offered through administrative procedures" as long as some relief is

available).  However, "a prisoner need not press on to exhaust further levels of review once he

has either received all 'available' remedies at an intermediate level of review or been reliably

1   informed by an administrator that no remedies are available." Brown, 422 F.3d at 935.  Finally,

2   claims dismissed for failure to exhaust administrative remedies should be dismissed without

3   prejudice. McKinney, 311 F.3d at 1200.

4   II.  Allegations of the Amended Complaint

5              Plaintiff's fourth amended complaint contains the following allegations against

6   defendant Swan.  In March 2007, defendant Swan "alleged" a false rules violation report against

7   plaintiff "for receiving Restraining Order 'Single Cell'" in connection with another disciplinary

8   proceeding against plaintiff. See Fourth Amended Complaint, filed March 9, 2009 (hereafter

9   "Complaint"), at 6.  On or about April 10, 2007, plaintiff told defendant Swan that he was not

10  receiving proper psychiatric treatment.  Defendant Swan threatened to place plaintiff in

11  administrative segregation and took plaintiff's television, in retaliation for "115 dismissed and

12  previous Court motion." (Complaint at 6-7.)  The next day, defendant Swan took plaintiff's radio

13  in retaliation for "protected First Amendment right" but the radio was later given back to plaintiff

14  after his appeal was granted.  (Id. at 7, Exs. S(4).)  On April 17, 2007, defendant Swan told

15  plaintiff that he had to accept inmate Turner as a cellmate or be placed in administrative

16  segregation, even though inmate Turner yells in his sleep and keeps plaintiff awake all night.

17  (Complaint at 7.)  On April 22, 2007, defendant Swan placed plaintiff in administrative

18  segregation in retaliation for plaintiff asking correctional officer Smith for help with his cellmate,

19  and threatened plaintiff several times in retaliation for plaintiff's actions in filing a grievance

20  against Swan.

21  III.  Defendants' Motion to Dismiss

22             Defendants seek dismissal of all of plaintiff's claims against defendant Swan

23  because plaintiff filed this action before he exhausted administrative remedies with respect to

24  those claims.  Defendants present the following evidence in support of their motion to dismiss.

25             All of the claims against defendant Swan raised in the fourth amended complaint

26  were also raised in plaintiff's original complaint, which was filed on June 19, 2007.  Between

3

1   January 1, 2007 and June 19, 2007, plaintiff filed three administrative grievances against

2   defendant Swan.  See Declaration of D. Lewis in Support of Defendant Swan's Motion to

3   Dismiss, filed January 28, 2011, at ¶ 4.  These grievances arise from events that underly

4   allegations raised against defendant Swan in this action, and were submitted at the first level of

5   review by plaintiff on April 11, 2007, April 18, 2007, and May 4, 2007, respectively.  See Exs. 1,

6   2 and 3 to Declaration of D. Foston in Support of Defendant Swan's Motion to Dismiss, filed

7   January 28, 2011 (Foston Declaration).  One of those grievances was denied at the final level of

8   administrative review on September 21, 2007, and the other two were denied at the final level of

9   administrative review on September 25, 2007.  Foston Declaration at ¶ 4.  In his opposition to the

10  pending motion, plaintiff concedes all of the facts relevant to administrative exhaustion of his

11  claims against defendant Swan.[1]

12          The allegation against defendant Swan in the fourth amended complaint and the

13  claims based on those allegations are substantially the same as those raised in plaintiff's original

14  complaint.  Thus, the operative date for plaintiff to have satisfied the exhaustion requirement is

15  June 15, 2009, the date on which plaintiff signed and dated his original complaint.  See Rhodes,

16  621 F.3d at 1003.

17          It is clear from the record before this court that plaintiff had not satisfied the

18  administrative exhaustion requirement with respect to his claim against defendant Swan at the

19  time he commenced this action.  While plaintiff initiated grievances against defendant Swan

20  before he commenced this action, he had not completed the administrative review process before

21  he did so.  For the reasons set forth above, this court finds that plaintiff did not satisfy his

22  obligation to exhaust his administrative remedies with respect to his claims against defendant

23  Swan prior to bringing this action.  Accordingly, defendants' motion to dismiss should be

_____

24
25          [1]  With his opposition, plaintiff requests that the court take judicial notice of a motion for
    temporary restraining order, dated December 12, 2006, that he filed in another action in this
    court.  The motion referred to by plaintiff precedes any date relevant to the matters at bar.  For
26  that reason, plaintiff's request for judicial notice will be denied.

1   granted and plaintiff's claims against defendant Swan should be dismissed without prejudice.

2          In accordance with the above, IT IS HEREBY ORDERED that plaintiff's

3   February 14, 2011 request for judicial notice (Doc. No 65) is denied; and

4          IT IS HEREBY RECOMMENDED that:

5          1.  Defendants' January 28, 2011 motion to dismiss  (Doc. No 62) be granted; and

6          2.  Plaintiff's claims against defendant Swan be dismissed without prejudice.

7          These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9   days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12  objections shall be filed and served within fourteen days after service of the objections.  The

13  parties are advised that failure to file objections within the specified time may waive the right to

14  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: April 28, 2011.

16

17  _____

18  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

19

20  DAD:12
    wils1192.mtd
21

22

23

24

25

26