1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID WILSON,

11            Plaintiff,                    No. 2:07-cv-1192 GEB DAD (PC)

12       vs.

13   JAMES TILTON, et al.,

14            Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's claim, raised

18   in his fourth amended complaint, that defendants Hubbard, McGahey, Benton, Brida, and

19   Grannis violated plaintiff's rights under the Eighth Amendment by acting with deliberate

20   indifference to his mental health needs by forcing him to live in a double cell.  <u>See</u> Order filed

21   October 6, 2009 (Doc. No. 23).[1]  This matter is before the court on plaintiff's April 4, 2011

22   motion for preliminary injunction (Doc. No. 66) and his August 26, 2011 motion for temporary

23   restraining order (Doc. No. 80).

24   _____

25            [1]  Plaintiff's claims against one other defendant served in this action, defendant Swan,
     have been dismissed without prejudice due to plaintiff's failure to exhaust his administrative
26   remedies prior to filing suit.  (Doc. No. 77.)

                                          1

1        The purpose in issuing a temporary restraining order is to preserve the <u>status quo</u>

2  pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a

3  temporary restraining order due to the fact that very few such orders can be appealed prior to the

4  hearing on a preliminary injunction.  It is apparent however, that requests for temporary

5  restraining orders which are not <u>ex parte</u> and without notice are governed by the same general

6  standards that govern the issuance of a preliminary injunction.  <u>See New Motor Vehicle Bd. v.</u>

7  <u>Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch.</u>

8  <u>Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);

9  <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the

10  emphasis of the court is directed to irreparable harm and the balance of hardships because the

11  merits of a controversy are often difficult to ascertain and adjudicate on short notice.

12        The legal principles applicable to a request for injunctive relief are well

13  established.  The principal purpose of preliminary injunctive relief is to preserve the court's

14  power to render a meaningful decision after a trial on the merits.  <u>See</u> C. Wright & A. Miller, 11

15  Federal Practice and Procedure, §2947 (1973); <u>see also</u> Fed. R. Civ. P. 65; <u>Gon v. First State Ins.</u>

16  <u>Co.</u>, 871 F.2d 863 (9th Cir.1989).  "The proper legal standard for preliminary injunctive relief

17  requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to

18  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

19  favor, and that an injunction is in the public interest.'"  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109,

20  1127 (9th Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).

21  <u>See also</u> <u>Center for Food Safety v. Vilsack</u>, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter,

22  'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a

23  preliminary injunction."); <u>Am. Trucking Ass'n, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052

24  (9th Cir.2009).  The Ninth Circuit has found, however, that the "serious question" version of this

25  circuit's sliding scale approach survives "when applied as part of the four-element <u>Winter</u> test."

26  <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134 (9th Cir.  2011).  "That is, 'serious

questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  632 F.3d at 1135.  Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

By his April 4, 2011 motion, plaintiff seeks an order preventing prison officials at R. J. Donovan Correctional Facility from transferring plaintiff to any prison facility except California Medical Facility (CMF) or California Men's Colony-East (CMC-East), that plaintiff not be forced into a double cell unless he is receiving one on one psychotherapy two to three times a week or is being seen by outside mental health experts, or is sent to a state mental hospital.

The instant action arises from events that occurred at CMF in 2007, and the defendants are all individuals who are or were then employed at CMF.  As a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  Moreover, in separate findings and recommendations filed simultaneously with these, the court has concluded that the defendants are entitled to summary judgment in their favor on the merits of plaintiff's Eighth Amendment claim raised in this action.  Moreover, any claim plaintiff may have arising from events that allegedly took place at R. J. Donovan Correctional Facility is not properly before the court in this action.  For these reasons, plaintiff's April 4, 2011 motion for preliminary injunction should be denied.

By his August 26, 2011 motion for temporary restraining order, plaintiff seeks court-ordered access to the prison law library and to legal materials.  In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally

1  protected right to access the courts to bring civil rights actions to challenge their conditions of

2  confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at

3  351.  The right of access to the courts "guarantees no particular methodology but rather the

4  conferral of a capability -- the capability of bringing contemplated challenges to sentences or

5  conditions of confinement before the courts."  Id. at 356.  Plaintiff has not shown that the

6  absence of law library access or legal materials will cause him to lose this action.  Accordingly,

7  plaintiff's August 26, 2011 motion should also be denied.

8          In accordance with the above, IT IS HEREBY RECOMMENDED that:

9          1.  Plaintiff's April 4, 2011 motion for preliminary injunction (Doc. No. 66) be

10  denied; and

11          2.  Plaintiff's August 26, 2011 motion for temporary restraining order (Doc. No.

12  80) be denied.

13          These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

15  days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18  objections shall be filed and served within fourteen days after service of the objections.  The

19  parties are advised that failure to file objections within the specified time may waive the right to

20  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: January 6, 2012.

22

23

24  DAD:12
    wils1192.injs

25

26

                                                    DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE

4